Rosario Droz, Plaintiff and Appellee, *v.* Luis Caballer, Defendant and Appellant.

No. 8244. Argued January 16, 1941.—Decided March 14, 1941.

*R. V. Pérez Marchand,* for appellant. *Rosario Droz* in her own right.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a case of unlawful detainer at sufferance. Rosario Droz went to the district court and alleging that she was the owner of a lot and house situated in Ponce, prayed for a judgment ordering Luis Caballer, who occupied the house and lot without paying any rent and against her wishes, to move from the premises, according to the law.

Caballer upon being summoned alleged that the complaint did not allege sufficient facts to state a cause of action, and that the plaintiff had no legal capacity to pray for the ejectment because her title was insufficient.

He also answered the complaint denying the facts alleged and alleging as new matter that according to information and belief, the plaintiff is not the real party in interest; that on the same date of the answer he had filed in the District Court of Ponce a suit for the nullity of the mortgage foreclosure by virtue of which the title to the property in question passed to Trautman and that the fact that Rosario Droz appeared as plaintiff was due to a combination between Trautman and Angelina and Eugenia Pieraldi to evade the effects of the suit for nullity.

At the first hearing the plaintiff presented documentary evidence consisting of notarial deed of sale No. 152, and she offered testimony of witnesses to be heard in the second hearing. The defendant also offered documentary evidence consisting of records Nos. 3235 and 3203 of the court itself and also offered the evidence of witnesses to be heard in the second hearing. The second hearing was held and the court rendered judgment for the plaintiff and ordered the

defendant to vacate the property within a term of fifteen days from the date on which the judgment should be final.

The defendant appealed. He assigns three errors in his brief, committed in his opinion, by the lower court, in overruling his demurrer of lack of facts constituting a cause of action, in dismissing his defense that the plaintiff was not the real party in interest and in deciding the case by following the rule established in the case of *León* v. *Alvarado,* 24 P.R.R. 654.

In our opinion the first alleged error does not exist. The demurrer admits the truth of the facts alleged in the complaint and accepting these as true we must conclude that the complaint alleges sufficient facts to state a cause of action.

The case of *Municipality of Ponce* v. *Collazo,* 56 P.R.R. 485, which the appellant invokes for other purposes, is authority to hold that the tenancy at sufferance is a cause for a suit of unlawful detainer; and from the facts alleged it appears that the plaintiff is the owner of the property in question, that the defendant occupies said property at sufferance, that is, without paying any rent whatsoever, and that the occupancy is against the wishes of the owner, and this is sufficient.

The second and third errors, that is, those referring to the insufficiency of the title of the plaintiff and to the undue application of the case of *León* v. *Alvarado, supra,* may be considered together.

In weighing the evidence, the lower court found that the following facts had been proven:

"Virginia Arenas, once the wife of the defendant Luis Caballer, executed a mortgage on the rural property which is the object of this unlawful detainer suit in favor of George Trautman, the husband of Vicenta Pieraldi, as appears from deed No. 153 of December 8, 1925, executed before Notary Attorney Eduardo Colón. On October 20, 1928, Vicenta Pieraldi widow of Trautman filed a summary foreclosure proceeding for the collection of said mortgage against Virginia Arenas de Caballer and her husband Luis Caballer. Said suit ended with a sale at public auction in which the property

was adjudicated to the foreclosant of the mortgaged property as appears from deed of public sale of December 26, 1928.

"The defendant in this suit for unlawful detainer, Luis Caballer, is at present living in the house and lot which is the object of this suit, without paying any rental whatsoever to the plaintiff. Said defendant has lived said house continuously for a period of 25 years.

"By public deed No. 152 of August 15, 1939, executed before the Notary Attorney Fernando Zapater Martínez, Emil Trautman, in his own right and as attorney-in-fact of Angelina and Eugenia Pieraldi Garrafa, sold the before mentioned rural farm to Rosario Droz, the plaintiff, who bases her right on that title to file the complaint in unlawful detainer in the present case, which was filed on October 18, 1939.

"On October 27, 1939, the defendant Luis Caballer filed in this court, under No. 3203, a complaint praying for the nullity of the summary foreclosure proceeding before mentioned, against Emil Trautman and Angelina and Eugenia Pieraldi y Garrafa, as assigns and successors in interest of Vicenta Pieraldi widow of Trautman; said proceedings still pending decision as no judgment has been rendered as yet."

It immediately concludes:

" . . . The court is of the opinion that it is bound to decide this case in accordance with the doctrine established by the Supreme Court of Puerto Rico in the case of *León v. Alvarado*, 24 P.R.R. 654, in which opinion the Supreme Court stated literally as follows:

" 'As to the second error, the fact that the appellant has moved to set aside the judgment in the action in which the sale and conveyance of the house was made, is no ground for holding that León Lugo's title is not sufficient to support a judgment in his favor in an action of unlawful detainer, for until the judgment and sale are set aside the plaintiff's title is good and he will continue to be the owner, and as such may compel the appellant to vacate the house in question. To hold that attacking the validity of a title prevents the exercise of the rights arising therefrom would be tantamount to deciding in an action of unlawful detainer that said title contains the defects on which its alleged nullity is based, and this is a question that cannot be considered or decided in a summary and special proceeding, like that of unlawful detainer, in which only the right of the apparent owner and possessor to evict the person in actual possession is considered.'

"For the foregoing reasons the court is of the opinion that it must render judgment for plaintiff in this action of unlawful detainer, ordering the defendant to pay the costs according to the imperative mandate of Act No. 69 of March 11, 1936, ((2) page 352), but without including attorney's fees."

We have examined the evidence and in our opinion the district court weighed it correctly.

The evidence of the plaintiff consisted in her own testimony and that of her son Diego Alvarez. The plaintiff is an old lady of more than 80 years of age and her son, who was a partner of Emil Trautman in a mining enterprise, acted for her in the contract of purchase of the property in question.

The property had been foreclosed to collect on a mortgage executed by its owner Virginia Arenas, wife of the defendant, with his intervention, in favor of George Trautman and adjudicated to the heir of the mortgage creditor, his widow Vicenta Pieraldi, since December 26, 1928. Later, by will, it passed to Angelina and Eugenia Pieraldi and Emil Trautman, who sold it to the plaintiff by public deed executed on August 15, 1939.

The title of ownership of the plaintiff is therefore clear. Nevertheless, appellant insists that it is deficient because Diego Alvarez testified that the contract should have no definite validity until the purchaser were given possession, the truth being that the defendant is the one in actual possession of the property and he has never been ejected from the same.

That condition does not appear from the contract itself, but admitting it as true that as a question of honor Emil Trautman agreed with Diego Alvarez that if he did not deliver the material possession of the property to the purchaser the contract would be rescinded, this does not mean that plaintiff's title is deficient or that the plaintiff is a fictitious party.

The sale price was $800. A half was paid immediately and it was agreed that the other half would be paid within a year. The title passed entirely to the purchaser and she had the right to file suit in unlawful detainer.

█ Faced with this title and with the undeniable fact that the defendant occupied the property without paying any rental whatsoever for more than ten years and against the wishes of the plaintiff, since she acquired title to the property, what did the defendant allege?

He only presented his own testimony and the fact that on October 26, 1939, that is, nine days after the filing of the complaint in unlawful detainer he filed a suit for the nullity of the mortgage foreclosure, the initial petition for which was presented on October 20, 1928.

In his testimony the defendant, a newspaperman 62 years of age and blind for some time, tells the long history of the case. He acquired the property more than twenty-five years ago and put it in his wife's name. Notwithstanding the fact that it was his home, his only material possession, he imposed a lien upon it to help the Attorney and Notary Eduardo Flores Colón, as follows:

"Well, here was a lawyer, this lawyer as a notary violated his oath and appropriated money which belonged to the divorced wife of Fernando Figueroa, and he came to me and I wanted to help him and I told him: 'I have no money, the only thing that I have is this house' and I mortgaged it to save him."

That was the mortgage which was foreclosed in 1928. The defendant Caballer could not pay the contracted debt. His desire to serve was more than his means. He failed in the payment of interest. He says that with the help of his friends—among others the judge who was presiding at the trial—he was able to pay them. He attempts to explain the different incidents which took place and in regard to the proceedings for foreclosure he sometimes makes statements that are contradicted by the record and he shows his displeasure to the fact that Trautman had sold the title of the

property and the plaintiff appeared on the scene, to whom he offered to reimburse what she had paid and who refused to accept.

This is not in truth a usual case. It would be easy to say that it was not a proper question to decide within the limits of a summary proceeding for unlawful detainer and reverse the judgment for this reason but this would constitute an incorrect application of our rule on the matter because the apparent complications disappear as soon as the facts are analyzed in conscience.

Trautman's attitude is easily explainable. He knew the defendant, his state of intelligence, of health, of material means and the origin of the debt, and it appears that he was against the unlawful detainer. Years passed and finally his partner advised him and he accepted that advice. The fact that he eliminated himself perhaps for the only reason of not having to face personally the judicial trial does not vitiate the latter. He solved his own problem according to his reason and his conscience. He sold his right so that another would assume the disagreeable responsibility of having to enforce his rights against a person such as the defendant. And the fact that as a matter of honor he guaranteed to the purchaser the possession of the property does not annul the transaction as we have said before. This is not a question between the defendant and the plaintiff but between her and her vendor.

The concurrent circumstances in regard to the existence of a suit for nullity appear from our previous statements.

In the case of *Municipality of Ponce* v. *Collazo*, 56 P.R.R. 485, it was held that:

"The commencement of an action for the nullity of the proceedings which gave rise to the judicial sale of the estate, the subject matter of the unlawful detainer, is not by itself ground for holding that the grantee is without sufficient title to bring the action of unlawful detainer."

236

And that conclusion was reached after a careful study of the facts of the case and of the decision of this Court in the case of *Colón* v. *Colón,* 51 P.R.R. 95, as well as in the case of *León* v. *Alvarado,* 24 P.R.R. 654.

In this case the same rule is really applicable. The concurrent circumstances, the date when the suit for nullity was filed, the motives alleged for the nullity, and the testimony of Caballer himself, show us a case whose facts are different from those of *Colón* v. *Colón, supra,* and to which therefore the doctrine of *León* v. *Alvarado,* as it was interpreted in *Fontánez* v. *Sierra,* 55 P.R.R. 928, is applicable.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Todd, Jr., took no part in the decision of this case.